UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARI BARMAN, JANE STRATTON, and PAMELA MORGAN,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO and MARSHALL ABBOTT,<br><br>Defendants. | Case No. 09CV2854-DMS(JMA)<br><br>**ORDER RE: JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE (DOC. NO. 13)** |

Pursuant to the Court's Chambers' Rules, on May 18, 2010 the parties filed a joint motion for determination of discovery dispute, after having reached an impasse in their efforts to informally resolve a disagreement regarding production of the disposition portion of an Internal Affairs investigation. (Doc. No. 13.) As explained below, the Court finds the disposition should be produced subject to a protective order precluding it from being produced to third parties.

The San Diego Sheriff's Department conducted an Internal Affairs investigation into the incident that is the subject of this lawsuit. Plaintiffs have requested they be provided with records pertaining to this investigation. Defendants have agreed to produce the entire investigation on the condition that Plaintiffs agree to a protective order, which precludes them from disclosing the information to

others. The parties' dispute concerns whether the portion of these records referred to as the disposition should be subject to such a restriction. The disposition is a statement that indicates whether the investigation resulted in a finding of "sustained," "unsustained" or "unfounded" - no other information relating to the investigation is provided. Plaintiffs, who are willing to consent to the proposed protective order for all other portions of the internal investigation records, contend the disposition is not privileged or confidential and should, therefore, be disclosed without restrictions as to its dissemination and use.

The parties agree that as a general rule California Penal Code § 832.7 protects officer personnel records and records maintained by any state or local agency from disclosure. Specifically § 832.7(a) states that these documents are confidential and shall not be disclosed in any criminal or civil proceeding except by discovery. Although certain exceptions exist to the general rule of nondisclosure, none is applicable to the case at hand. See e.g., Cal. Pen. Code § 832.7 (b)–(d).

Plaintiffs contend that § 832.7(e)(1), which requires the department or agency to provide written notification to the "complaining party" of the disposition of the complaint establishes that the disposition itself is not confidential or privileged. The Court disagrees. Although § 832.7(e)(1) requires that the disposition be disclosed to the complaining party, none of the Plaintiffs is a complaining party.[1] Their basis to obtain this information is through discovery. The disposition clearly falls under the ambit of confidential documents as defined in § 832.7(a) and the Court, therefore, finds good cause, pursuant to Fed. R. Civ. P. 26(c), for the disposition to be produced subject to the restrictions agreed upon

---

[1] Plaintiffs contend that an individual identified as Kimberly Beatty made a complaint and, therefore, is entitled to receive written notification of the disposition pursuant to § 832.7(e)(1). Assuming arguendo that Ms. Beatty's 911 call to the Sheriff's Department on the evening in question qualifies her as a complaining party, she is not a party to this action and the Court accordingly will not order the disposition be disclosed to Plaintiffs without a protective order on this basis.

1 between the parties with regard to the remainder if the Internal Affairs investiga-
2 tion records.  Counsel shall promptly submit the proposed protective order for the
3 Court's consideration.  The Internal Affairs investigation record and disposition
4 shall be produced subject to the protective order within one week of its entry.
5 DATED:  May 26, 2010

                                              Jan M. Adler
                                              U.S. Magistrate Judge